UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF KENTUCKY
                      **CENTRAL DIVISION at LEXINGTON**

UNITED STATES OF AMERICA,      )
                               )
    Plaintiff,                 )
                               )        Criminal Case No.
v.                             )           13-cr-73-JMH
                               )
HAROLD WAYNE SALYERS,          )
                               )
    Defendants.                )        **OPINION AND ORDER**
                               )

                                 ***

This matter is before the Court for the purpose of resentencing Defendant. The matter was remanded to this Court by the United States Court of Appeals for the Sixth Circuit which announced in its February 4, 2015, opinion [DE 74, 76] that this Court imposed a procedurally unreasonable sentence on Defendant when it imposed a leadership enhancement under § 3B1.1(a) and that, removing this enhancement, defendant's base offense level would drop from 28 to 24. Accordingly, the Court of Appeals vacated defendant's 120 month sentence and remanded the matter "for resentencing in accordance with [its] opinion." [DE 74.]

The Court first considers whether it is necessary to hold another hearing to announce its sentence on remand. Due to the circumstances in this case, the Court concludes that the purposes for having Defendant present and provided an

1

opportunity to speak have been accomplished and that a second sentencing hearing is neither warranted nor required. The matter has been remanded to the Court to determine what sentence should be entered in light of the correctly calculated Sentencing Guidelines range as set forth in the Court of Appeals' decision. The Court understands this to be a limited remand, and, thus, no hearing is necessary. *See United States v. Jeross*, 521 F.3d 562, 585 (6th Cir. 2008) (holding that upon limited remand the district court need not "begin anew" and may rely upon procedural rights provided to defendant prior to remand); *see also United States v. Garcia-Roblesi*, 640 F.3d 159, 163-64 (6th Cir. 2011) (holding that, upon general remand, when a sentence has been vacated on direct appeal, the defendant is entitled to a resentencing hearing where he may exercise the right to be present and allocute as provided by Rules 32 and 43 of the Federal Rules of Criminal Procedure).

Defendant was present at the sentencing hearing conducted in this matter on March 24, 2014, and provided an opportunity to speak at length. The Court heard from Defendant at that time and has considered what he said in preparing this Opinion and Order. The Court has reviewed the transcripts of the sentencing hearing in order to refresh its recollection of what Defendant said on that occasion. Additionally, Defendant has already had a meaningful opportunity to file a memorandum regarding his

2

sentence and to object to the United States' Motion for Upward Departure and/or Upward Variance from the Guidelines. [DE 56, 58; *see also* DE 53.] The Court's decision today accomplishes the purpose of establishing a sentence based upon properly calculated Sentencing Guidelines range as directed by the Court of Appeals. The Court need not rely on any new material in resentencing Defendant because of the nature of the remand, and Defendant's presence at any hearing would be symbolic because he has no right nor would he be given an opportunity to allocate if he were present.

Looking again at the sentence to be imposed in this matter upon remand and based upon a total offense level of 24 and a criminal history category of I, the properly calculated guideline imprisonment range in this matter is 51 to 63 months. Again, in light of the United States' Motion to Vary Upward and for the reasons previously stated, including that Defendant was regularly distributing heroin in Clark County, which resulted in the death of Wade Dickerson who took the heroin that Defendant distributed, the Court concludes that this is an appropriate situation in which to exercise its discretion under *Booker* and to vary upward because such a variance is necessary to craft an appropriate sentence in light of the factors contained in 18 U.S.C. § 3553(a), including deterrence, the nature and circumstances of the offense and protecting the public,

3

regardless of whether an upward departure is warranted under U.S.S.G. 5K2.1 and 5K2.21.

Pursuant to the Sentencing Reform Act of 1984 as modified by the *Booker* and *Fanfan* decision, *United States v. Booker*, 543 U.S. 220 (2005), the Court finds the following sentence is sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553(a). Accordingly, it is the judgment of the Court that the defendant, Harold Wayne Salyers, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 120 months on each of Counts one, three and four, to be imposed concurrently, for a total of 120 months.

All other provisions of the Court's prior order of judgment, including those related to supervised release, remain unchanged. Judgment shall issue by separate order.

**IT IS SO ORDERED.**

This the 27th day of February, 2015.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

4